DUNN *v.* CITIZENS MUTUAL FIRE INSURANCE CO.

1. INSURANCE—AFFIRMATIVE DEFENSE—BURDEN OF PROOF.
   In action on fire insurance policy, the burden rests on insurer to establish its affirmative defense that insured set fire to building or caused it to be burned for purpose of collecting insurance.

2. SAME—SUSPICION AND CONJECTURE INSUFFICIENT TO ESTABLISH AFFIRMATIVE DEFENSE—JUDGMENT NON OBSTANTE VEREDICTO.
   Where defense that insured caused building to be burned for purpose of collecting insurance rested on suspicion and conjecture merely, trial court rightly ordered judgment *non obstante veredicto* for insured.

Error to Kent; Perkins (Willis B.), J. Submitted April 15, 1930. (Docket No. 112, Calendar No. 34,937.) Decided June 2, 1930.

Assumpsit by Ethelyn Dunn against Citizens Mutual Fire Insurance Company, a corporation, on

a fire insurance policy. From a judgment for plaintiff *non obstante veredicto,* defendant brings error. Affirmed.

*Myrten W. Davie* and *Norman A. Lilly,* for plaintiff.

*Homer H. Freeland* (*Benjamin T. Smith,* of counsel), for defendant.

CLARK, J. Plaintiff, as survivor of herself and her late husband Henry C. Dunn, sued to recover on a fire insurance policy of $1,000 issued by defendant covering a dwelling house insured during construction, and very largely completed on or about July 12, 1928, when it was totally destroyed by fire. The defense under the plea was that Mr. Dunn either set fire to the building or caused it to be burned for the purpose of collecting the insurance, and that the building was not worth $1,000 at time of the fire. At the conclusion of proof, on motion by plaintiff to direct a verdict, the trial judge said:

"If this were a criminal case for arson, the court would direct the jury to bring in a verdict of not guilty.   *   *   *

"I am going to submit this case to the jury, but reserve the right to direct a verdict under the Empson act (3 Comp. Laws 1915, §§ 14568–14571). That will save another trial later if the jury should render a verdict against the plaintiff and I should set that aside and render judgment for the plaintiff."

The verdict was for defendant. On decision of the reserved motion, the court ordered judgment for plaintiff for the full amount due, and defendant brings error.

The second point of the above stated defense calls for no discussion.

The evidence will support an inference that the fire was incendiary. As stated by the trial judge:

"The only point under consideration, therefore, is as to whether the building was burned up with the knowledge, consent, and connivance of Mr. Dunn. The burden of proof rests upon the defendant to establish its affirmative defense. The cause was submitted to the jury, and the jury rendered a verdict of no cause of action.

"The defendant company claims, in brief, that the dwelling house in question was burned by and with the consent of Mr. Dunn, and that the following facts justified the submission of the question to the jury: 1. That Dunn wanted more insurance than the policy was written for; 2. That he was financially embarrassed at the time of the fire; 3. That a conversation held with a Mr. Bordacki shortly before the fire indicated a mind predisposed to setting his own building on fire or causing it to be done; and 4. That the telephone call from Traverse City with reference to a check which Dunn had given, was sent in for the sole purpose of establishing an *alibi*."

We speak of the items in order.

1. Dunn sought insurance on a house being constructed. The company's agent who took the application testified:

"*Q.* Isn't it a fact that Mr. Dunn told you that he wanted $2,000 on the property when it was complete; isn't that what he was there for?

"*A.* Oh, I don't think so; he said that the house was going to be worth more than $2,000 when completed and wanted $2,000 insurance.

"*Q.* That is when completed?

"*A.* No, there wasn't nothing said particularly about completion. This insurance was written

under the progressive proposition of insurance and increased from time to time as you got more into the property."

The matter has no significance.

2 and 4. The trial judge correctly held these items without force. They contribute nothing toward an issue and demand no further discussion.

3. There was, perhaps, some evidence that Mr. Dunn, shortly before the fire, suggested to a neighbor indebted to him that the neighbor had large insurance and could raise money by having a fire. That Mr. Dunn made such statement "seems almost incredible" as stated by the trial court. Evidence that he made such statement is far from convincing. But granting that he did make it, no issue of fact on the question is thereby raised. The charge against Mr. Dunn is not supported by evidence. It rests on suspicion and conjecture. The court rightly ordered judgment for plaintiff.

Affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.