CRAWFORD *v.* PALOMAR.

1. LANDLORD AND TENANT—REPAIRS—NEGLIGENCE.

At common law the element of control of real property is determinative of the duty to repair, and a landlord owes no duty to repair those areas of the premises under the exclusive possession and control of a tenant in the absence of an express promise to repair.

2. SAME—REPAIRS—HOUSING LAW.

The housing law, which applies in the city of Detroit, abrogates the common-law rule that a landlord is under no duty to repair those areas of premises under the exclusive possession and control of a tenant, and imposes a duty on the owner to repair premises regardless of possession and control (CL 1948, § 125-.471).

3. SAME—REPAIRS—PERSONS PROTECTED—STATUTE.

The statutory duty of a landlord to repair premises owned by him runs in favor of anyone lawfully on the premises (CL 1948, § 125.471).

4. TRIAL—OPENING STATEMENT—PRIMA FACIE CASE—PLEADING.

The opening statement made by plaintiff at trial does not stand alone, but is always accompanied by and necessarily supported and qualified by the complaint.

5. PLEADING—STATUTES—JUDICIAL NOTICE.

Failure to plead a statute is not fatal to a plaintiff's cause of action when he sets forth sufficient facts to show a claim based on a statute, and the court will take judicial notice of the statute.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur, Landlord and Tenant §§ 662, 665.
[2, 3, 6] 32 Am Jur, Landlord and Tenant §§ 663, 665.
[4] 53 Am Jur, Trial § 69.
[5] 41 Am Jur, Pleadings § 11 *et seq.*
[7] 53 Am Jur, Trial §§ 371, 373 *et seq.*

6. SAME—COMPLAINT—SUFFICIENCY.

Complaint against defendant landlord by guest of tenants on premises who was injured when porch railing on dwelling owned by defendant collapsed and plaintiff fell to ground, which alleged defendant's duty to plaintiff to keep the premises in repair without mentioning the statute on which that duty was founded, alleged defendant's breach of duty, and in addition alleged that the railing was improperly maintained, *held*, to plead such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend, and hence sufficient (CL 1948, § 125-.471).

7. TRIAL—OPENING STATEMENT—DIRECTED VERDICT.

Direction of verdict in favor of defendant after plaintiff's opening statement on the ground that plaintiff had not presented a *prima facie* case in the statement *held*, error where the complaint filed in the case stated a cause of action against defendant.

Appeal from Common Pleas Court of the City of Detroit; Vokes (David C.), J. Submitted Division 1 December 14, 1966, at Detroit. (Docket No. 2,364.) Decided June 13, 1967.

Action by Janie Crawford against Steven Palomar, Sr., for personal injuries received by plaintiff in fall from porch on building owned by defendant. Third-party complaint by defendant Palomar against Clarence Dickerson and Addie Dickerson, tenants in the building at the time of injury. Directed verdict for defendant Palomar at the end of plaintiff's opening statement, and action dismissed as to defendant and third-party defendant. Plaintiff appeals. Reversed, and remanded for trial.

*Lemberg & Gage,* for plaintiff.

*Frederick M. Maddock,* for defendant Palomar.

BURNS, J.   Plaintiff Crawford, a guest of defendant Palomar's tenant, brought an action to recover for permanent injuries which she allegedly sustained when the outside porch railing of a single dwelling owned by the defendant collapsed under her weight and she fell off the porch to the ground. The dwelling is located in the city of Detroit and was occupied solely by defendant's tenant.   The complaint alleged:

"3. That on or about April 29, 1963, the defendant was the owner of a dwelling located at 8419 Prairie, in the city of Detroit, Michigan.[1]

"4. That the defendant owed a duty to the plaintiff, Janie Crawford, as well as to others, to maintain his premises and ways of ingress and egress to said premises in a safe condition; said premises being free from any latent or patent defects which the defendant knew or reasonably should know of the existence thereof.

"5. That on the aforesaid date [April 29, 1965] the plaintiff, Janie Crawford, was lawfully on said premises.

"6. That defendant breached his duty to the plaintiff, Janie Crawford, by failing to maintain his premises in a safe condition, free from latent or patent defects which the defendant either knew or reasonably should have known of the existence of said defects.

"7. That the defendant's breach of duty was the proximate cause of said plaintiff's injury; plaintiff, Janie Crawford's touching the defendant's improperly maintained banister which broke in her hand, causing said plaintiff to lose her balance and fall to the hard-surfaced ground. [sic]

"8. That the plaintiff, Janie Crawford, suffered, as a direct consequence of the aforesaid negligent

---

[1] Allegations contained in paragraph 3 of the complaint were admitted by defendant in his answer.

acts and omissions, serious, severe and permanent injuries."

In his opening statement to the jury, plaintiff's counsel argued in part as follows:

"Ladies and gentlemen of the jury, the case you are going to hear today isn't a very complicated one. In fact, it is rather simple. It is what is commonly referred to in the legal profession, particularly in the negligence field, as a slip and fall case.

"What happened is, my client Mrs. Crawford, on the day in question, this would be on or about April 29, 1965, went to visit some friends of hers. Those friends were the Dickersons.

"Now, at that time and at the present time, they still live at the home located at 8419 Prairie, in the city of Detroit. Now, at the time the Dickersons were renting this home from the defendant in this case, Mr. Palomar.

"On this particular occasion, Mrs. Crawford went up the stairs to the porch. She called something out to somebody in the house, I believe. She put her hand on the railing and started to turn around, and the railing collapsed. She fell off the porch a distance of some 4 or 5 feet and landed on her neck, her shoulders. As a result of this, she sustained some very serious and permanent injuries. She is going to suffer the effects of these injuries for quite some time."

The court granted defendant's motion for a directed verdict of no cause of action on the ground that plaintiff's opening statement, even if true, did not aver a *prima facie* case. Since it did not appear that the landlord had possession or control of the premises, the court reasoned that defendant owed no duty to maintain the dwelling or any part of it. The court then instructed the jury:

"The law was argued by the defendant representing the landlord, that this being a single dwelling that the landlord does not have any control over that dwelling, that it is in complete control of his tenant. The tenant has a duty to make ordinary and necessary repairs, and in the absence of a notice by the tenant of some major defect that would fall within the landlord category, there would be no negligence shown on the part of the landlord. On that state of facts, why the court would have to direct a verdict even if proofs were submitted to prove everything that the plaintiff's attorney said that he intended to prove to you. So under those circumstances, it became the court's duty to direct a verdict of no cause of action as regards Steven Palomar, Senior."

Judgment of no cause of action was entered, and the case was dismissed. Plaintiff appeals, asking that the case be remanded for a full trial on the merits.

Two issues are raised on appeal by plaintiff Crawford.

"Did the trial court err in granting a directed verdict directly after appellant had given his opening statement without hearing any of the proofs which appellant was prepared to present?

"Was the trial court correct in assuming that the law of the State of Michigan is that where the complete property is rented to the tenant, the landlord under no instance owes any duty for the condition of that property?"

We will consider the issues in reverse order.

At common law a landlord owes no duty to repair those areas of the premises under the exclusive possession and control of the tenant in the absence of an express promise to repair; the element of control

is determinative. *Lipsitz* v. *Schechter* (1966), 377 Mich 685, citing *Huey* v. *Barton* (1950), 328 Mich 584. However, CL 1948, § 125.471 (Stat Ann 1958 Rev 5.2843)[2] which states:

"Every dwelling and all the parts thereof   *   *   * shall be kept in good repair by the owner."

controls this case. The statute abrogates the common-law rule and is applicable in the city of Detroit. *Annis* v. *Britton* (1925), 232 Mich 291; *Lebovics* v. *Howie* (1943), 307 Mich 326. The owner's duty is imposed by statute regardless of possession and control. The fact situation in *Annis* v. *Britton, supra,* is strikingly similar to that in the instant case, although Annis was the tenant herself, whereas Crawford was a guest of the tenant. The Court's reasoning in the *Annis Case, supra,* p 294, is controlling here:

"If plaintiff has any right to recover damages in an action of tort it is because the statute of 1917 required defendant to keep the premises in repair. This, of course, imports that the need of repair in fact existed, was known to defendant, or his agent having charge of the premises, or should have been known had reasonable supervision been exercised in obedience to the statutory mandate and of neglect thereafter to make repair. Such a right of action is bottomed upon negligence arising out of a failure to perform a duty imposed by statute. The duty in such a case is *ultra* contract, and as soon as there is a tenant in possession of the premises, the statute fixes the duty of the owner, and for failure to obey he is negligent *per se,* and if such negli-

---

2 Although plaintiff did not specifically plead this statute, we take judicial notice thereof. Failure to plead the statute is not fatal to plaintiff's cause of action as he did set forth sufficient facts to show a claim based thereon.

gence is the proximate cause of injury to the tenant he is liable in damages in an action of tort."

We see no reason to make any distinction between the tenant and his guest in this regard. The statute imposes a duty in favor of anyone lawfully on the premises. In *Morningstar* v. *Strich* (1950), 326 Mich 541, which cites *Annis, supra,* with approval, the child of the tenant was permitted to recover against the landlord because of his failure to repair as required by the same statute.

The case of *Lipsitz* v. *Schechter, supra,* is a recent warning against directed verdicts for defendants in cases where *res ipsa loquitur* might be applied in other jurisdictions. A directed verdict before the plaintiff has offered his proofs, as in the instant case, is even more difficult to justify. The plaintiff should be allowed to present his proofs if plaintiff's pleadings and opening statement set forth facts upon which relief may be granted. In effect, the trial court relied exclusively upon the opening statement and ignored the rest of the pleadings. The opening statement does not stand alone; it is always accompanied by and necessarily supported and qualified by the complaint.

"The court may dismiss a case at the close of plaintiff's opening statement to the jury, if the *pleadings and opening statement* fail to state a cause of action. *Spicer* v. *Bonker* (1881), 45 Mich 630." (Emphasis supplied.) *Ambrose* v. *Detroit Edison Co.* (1966), 5 Mich App 328, 332.

In the instant case the complaint clearly alleges defendant's duty to plaintiff. In addition to alleging defendant's breach of that duty, the complaint alleges that the banister was "improperly maintained." We hold that the plaintiff has pleaded "such specific averments as are necessary reasonably

to inform the adverse party of the nature of the cause he is called upon to defend." GCR 1963, 111.1.

Reversed and remanded for trial. Costs to attend the result.

LESINSKI, C. J., and LEVIN, J., concurred.