ROSE *v.* WERTHEIMER.

1. TORTS—HUSBAND AND WIFE—ALIENATION OF AFFECTIONS.
   Causes of action against anyone, including a mother-in-law, for alienation of affections of any person have been abolished by statute (CLS 1961, § 600.2901).

2. PLEADING—SUFFICIENCY—CAUSE OF ACTION.
   Allegations of a complaint fail to state a cause of action when they plead legal conclusions rather than ultimate facts.

3. FRAUD—PLEADING—ELEMENTS.
   The elements of actionable fraud are: a material representation by the defendant that was false, knowledge of the defendant that it was false or recklessness of defendant in making the representation, intention of defendant that the representation would be relied on by the plaintiff, actual reliance by plaintiff, and injury to plaintiff caused by his reliance.

4. PLEADING—SUFFICIENCY—CAUSE OF ACTION.
   The rules and practice of pleading have been liberalized greatly pursuant to the equitable consideration that a person should be allowed his day in court if it appears reasonably certain that his pleadings set forth a justifiable question and that, taken in their entirety, they are reasonably adapted to inform the adverse party of the cause which he is called upon to contest (GCR 1963, 111.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur, Torts § 38.
[2] 41 Am Jur, Pleadings § 16.
[3] 37 Am Jur 2d, Fraud and Deceit § 460.
[4] 41 Am Jur, Pleadings § 65.
[5] 41 Am Jur, Pleadings § 77.
[6, 7] 41 Am Jur, Pleadings § 288.
[8] 20 Am Jur 2d, Costs § 72 *et seq.*
[9] 5 Am Jur 2d, Appeal and Error § 1014.

5. SAME—SUFFICIENCY—COURT RULE.

A pleading which sets forth a claim for relief shall contain a statement of the facts upon which the pleader relies with such specific averments as are necessary reasonably to inform the adverse party of the nature of the case he is called upon to defend (GCR 1963, 111.1).

6. SAME—AMENDMENT—SUMMARY JUDGMENT—COURT RULE.

A pleader who has failed to state an otherwise valid cause of action must be allowed to amend his pleading and allege the proper facts on a motion for summary judgment (GCR 1963, 117).

7. SAME—SUFFICIENCY—FRAUD—AMENDMENT.

Plaintiff should have been given an opportunity to amend his complaint rather than have his action dismissed on motion for summary judgment when he failed to allege facts sufficient to state a cause of action in fraud, but the required facts could reasonably be inferred from the complaint as a whole, and no answer had been made to the complaint, no pretrial conference held, no discovery had, and no depositions taken (GCR 1963, 117).

8. COSTS—EXTRAORDINARY ATTORNEY'S FEES—ACTIONS BROUGHT IN BAD FAITH.

A plaintiff may not be assessed for extraordinary attorney fees for bringing an action in bad faith until after trial on the merits or other final disposition of his claim at the trial level.

9. SAME—NEITHER PARTY PREVAILING IN FULL.

No costs on appeal are allowed in appeal by plaintiff from summary judgment dismissing 2 counts of complaint, where dismissal is affirmed as to one count and reversed as to other count to permit plaintiff to amend complaint on that count so as to state a claim upon which relief may be granted, if possible, as neither party has fully prevailed (GCR 1963, 117).

Appeal from Wayne, Swainson (John B.), J. Submitted Division 1 February 8, 1968, at Detroit. (Docket No. 3,448.) Decided May 27, 1968.

Complaint by Jack Rose against Rose Wertheimer for alienation of affections and fraud. Defendant's

motion for summary judgment granted. Plaintiff appeals. Affirmed in part and reversed in part.

*John R. Hocking*, for plaintiff.

*Louisell & Barris*, for defendant.

HOLBROOK, J. This is an appeal from a summary judgment of dismissal granted defendant under GCR 1963, 117. Plaintiff filed a 2 count complaint against his mother-in-law. The first count alleged an action for alienation of affections, the second alleged a cause of action based upon fraud.

There can be no question but that the summary judgment on count 1 was proper, as CLS 1961, § 600.2901 (Stat Ann 1962 Rev § 27A.2901) specifically provides that causes of action for alienation of affections of any person are abolished. *Miller* v. *Kretschmer* (1965), 374 Mich 459.

The allegations set forth in count 2 of plaintiff's complaint are as follows:

"1. Plaintiff is a resident of the city of Detroit, Wayne county, Michigan.

"2. Defendant is a resident of the city of Detroit, Wayne county, Michigan.

"3. That on or about June 15, 1962, plaintiff and one Doris Wertheimer were married.

"4. Said Doris Wertheimer is the daughter of the defendant.

"5. On or about January 21, 1964, defendant and plaintiff's wife made demand on plaintiff for the sum of $1,500 allegedly loaned by defendant to plaintiff's wife during their marriage.

"6. Plaintiff, in the interest of his marriage, complied with said demand and paid defendant said $1,500 on January 23, 1964.

"7. Plaintiff generously provided for his wife.

"8. Defendant never loaned plaintiff's wife any money whatsoever during said period.

"9. Defendant and plaintiff's wife intentionally defrauded plaintiff into paying defendant said sum of $1,500.

"10. Defendant holds said $1,500 in a constructive trust for the benefit of plaintiff."

The trial judge in granting summary judgment of dismissal in favor of defendant as to count 2, ruled that the allegations pleaded conclusions of law rather than ultimate facts and they failed to state a cause of action.

The elements of actionable fraud are stated in *Krushew* v. *Meitz* (1936), 276 Mich 553, 558 as follows:

"'(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.' *Candler* v. *Heigho* (1919), 208 Mich 115."

It is evident that the allegations set forth in plaintiff's count 2 assert factually that (1) defendant made a material representation; (2) that it was false; and (6) that plaintiff thereby suffered injury. Although not charged specifically, the allegations raised reasonable, perhaps unavoidable, inferences; (3) that defendant knew the representation was false; (4) that she made it with the intent that it should be acted upon by plaintiff.

The allegations fail to state (5) that plaintiff acted in reliance upon the alleged misrepresentation, but an inference may be drawn from the pleaded legal conclusion of constructive trust, as well as the conclusion that "defendant and plaintiff's wife intentionally defrauded plaintiff," that plaintiff im-

plies an action in reliance upon the purported misrepresentation.

We are now faced with the question, whether there were sufficient allegations in plaintiff's count 2 to permit continuation of the action. A strict, common law application of the rules of pleading to count 2 of plaintiff's complaint, which would take no account of the necessary inferences emanating from the well-pleaded facts, would brand the complaint as to count 2 insufficient, which, indeed, was concluded by the circuit court. However, the rules and practice of pleading have been liberalized greatly pursuant to the equitable consideration that a person should be allowed his day in court if it appears reasonably certain that his pleadings set forth a justiciable question and that, taken in their entirety, they are reasonably adapted to inform the adverse party of the cause which he is called upon to contest.

GCR 1963, 111.1 provides in part as follows:

"A pleading which sets forth a claim for relief, whether a complaint * * * shall contain

"(1) a statement of the facts without repetition upon which the pleader relies in stating his cause of action with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend."

1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 191, committee notes state in part as follows:

"At present the requirment in Michigan is that the pleader must set forth the facts upon which he relies in stating his cause of action. Court Rule 17(1). This requirement is liberalized to the extent that no pleading shall be deemed insufficient if it reasonably informs the adverse party of the nature of the cause he is called upon to defend. Court Rule 19(1) and CL 1948, § 614.2 (Stat Ann § 27.812). This manner

of pleading has been described as 'fact pleading.'
The present pleading requirements . have worked
fairly well in Michigan in view of the limited use
of existing discovery procedure and because of the
liberal constructions given pleadings by the courts.
The present rule has been incorporated into sub-
rule 111.1."

The summary judgment court rule is GCR 1963,
117; in 1 Honigman and Hawkins, Michigan Court
Rules Annotated (2d ed), p 355, committee notes
thereunder state in part as follows:

"Of course, the pleader who has merely failed to
state an otherwise valid cause would under the rule
be allowed an opportunity to amend and allege the
proper facts."

A thorough treatment of the subject of sufficiency
of pleading is dealt with in the case of *Steed* v.
*Covey* (1959), 355 Mich 504, wherein Mr. Justice
CARR on pp 507, 509, 511, 512, states in part as fol-
lows:

"Section 9 of Rule No 17, as amended, effective
April 1, 1953 (335 Mich lxii), further provides that
the trial court may upon its own motion, whenever
any pleading is deemed indefinite, uncertain, or in-
complete, require the filing of an amended pleading.
In accordance with said rule all pleadings must
contain a statement of the facts on which the party
filing same relies in presenting his cause of action
or defense. * * *
"This Court has repeatedly recognized that the
chief object of a declaration is to apprise the oppo-
site party of the cause of action and the claims of
the plaintiff. *Eberbach* v. *Woods* (1925), 232 Mich
392, 396; *Michigan Aero Club* v. *Shelley* (1938), 283
Mich 401, 408 (1938 US AvR 134, 1 CCH Av 750);
*Leslie* v. *Mendelson* (1942), 302 Mich 95, 103. The
question is presented in consequence, whether plain-

tiff's pleading in the instant case fairly serves the purpose contemplated by accepted rules of practice. * * *

" 'It is not required that the plaintiff aver any fact which is not necessary to his right. He is not required to state the circumstances tending to prove the facts alleged,—the character of the evidence upon which he intends to rely,—or to anticipate matters of defense which the defendant may possibly set up. In general, the complaint or petition is sufficient if its allegations state facts upon which the plaintiff relies for a recovery, and if it adequately advises the defendant of the charge so as to enable him to prepare his defense.' * * *

"In lieu of dismissal the court might more properly have required the filing of an amended declaration setting forth plaintiff's claims in more specific form and detail than in the pleading filed."

Plaintiff may have a valid cause of action based upon fraud, although he failed to properly allege certain facts as herein stated. Plaintiff should have been given an opportunity to amend his complaint. It is well to point out in this case that there was no answer made to the complaint, no pretrial conference held, no discovery had or depositions taken. We conclude, under the circumstances, that the cause as to count 2 should not have been dismissed, *i.e.,* as ruled in *Steed* v. *Covey, supra,* in lieu of dismissal, the court might have more properly required the filing of an amended complaint setting forth plaintiff's claims in more specific detail.

The trial court ordered plaintiff to pay the sum of $500 attorney fees to defendant stating "the court being further of the opinion that the instant cause was not brought in good faith by the plaintiff, but rather was brought without justification of the cause and as a means of harassing the defendant herein and her daughter." We have not been furnished

with the transcript of the summary judgment hearing. A determination of bad faith under our ruling herein must await trial of the matter on the merits or further proceedings in accord with this opinion.

An order will enter affirming summary judgment as to count 1 and remanding the balance of the cause to the trial court to set aside the order from which plaintiff has appealed for further proceedings requiring, however, in accordance with GCR 1963, 117.3 and 118, that plaintiff shall within 20 days after notice of this remand, file a more certain, definite, and complete complaint not inconsistent with this opinion.

Because of the disposition of the matter and neither party prevailing fully, no costs are allowed.

BURNS, P. J., and PETERSON, J., concurred.