## MAJOR *v.* SCHMIDT TRUCKING COMPANY

1. Pleading—Summary Judgment—Statement of Claim.
   A motion for summary judgment on the ground that the opposing party's pleading fails to state a claim upon which relief can be granted may be entered only where it appears on the face of the challenged pleading that the pleader cannot recover (GCR 1963, 117.2[1]).

2. Same—Negligence—Statement of Claim—Summary Judgment.
   A complaint which alleges that the defendant negligently supplied and maintained a trailer and, as a result, the plaintiff

References for Points in Headnotes
[1, 2] 41 Am Jur, Pleading § 340 *et seq.*
[3, 4] 41 Am Jur, Pleading § 359 *et seq.*
[5–7] 41 Am Jur, Pleading § 73 *et seq.*

suffered damage while unloading it sufficiently states a cause of action to resist a motion for summary judgment for failure to state a claim upon which relief can be granted even if, because of lack of particularity in the complaint, a motion for a more definite statement would be appropriate (GCR 1963, 115.1, 117.2[1]).

3. Same — Complaint — Statement of Claim — Motion — More Definite Statement.

Where it is claimed that a pleading is so vague or ambiguous that it fails to comply with court rule requirements, the opposing party's remedy is to ·move for a more definite statement before filing his responsive pleading (GCR 1963, 111.1 [1], 115.1).

4. Same—Complaint—Statement of Claim—Court Rules.

A pleading which reasonably informs the opponent of the nature of the case he is called upon to defend satisfies the fact pleading and notice-to-opponent requirements of GCR 1963, 111.1(1), and, thus, a motion for a more definite statement under GCR 1963, 115.1 challenging the complaint for failure to meet those requirements should not be granted (GCR 1963, 111.1[1], 115.1).

5. Same—Negligence—Complaint—Statement of Claim—Court Rules.

A complaint which informs the defendant that the plaintiff claims that the defendant had a duty to supply and maintain a trailer which would support loading and unloading by a forklift truck and that defendant neglected to perform his duty when he supplied a trailer with flooring inadequate to the task or defectively maintained satisfies the fact pleading and notice-to-opponent requirements of GCR 1963, 111.1(1) even though plaintiff did not plead the precise defect or failure which caused the flooring to give way (GCR 1963, 111.1[1]).

6. Discovery—Complaint—Statement of Claim.

Particularization as to the nature of the plaintiff's claim beyond that required to be set forth in the complaint is obtainable through discovery (GCR 1963, 111.1[1], 302).

7. Pleading—Negligence—Elements of Cause of Action—Specificity of Complaint.

Complaint for injuries suffered from using defendant's trailer, alleging that defendant was under a duty to know the use

to which the trailer was being put by plaintiff and to supply and maintain a trailer safe and fit for that use, that defendant breached its duty in failing to provide a trailer which would support the weight of a forklift normally used in unloading insulation and siding or in supplying a trailer with a defective floorboard causing its failure to support the weight of the forklift normally used to unload insulation and siding, and that his injuries were the direct and proximate result of defendant's negligence *held* to have sufficiently stated a cause of action which should not be dismissed on defendant's motion for summary judgment either for indefiniteness or for failure to state a claim upon which relief can be granted.

Appeal from Wayne, Gilmore (Horace W.), J. Submitted Division 1 March 8, 1967, at Detroit. (Docket No. 1,636.)   Decided December 23, 1968.

Complaint by Clifford Major and The Travelers Insurance Company, a foreign corporation, as intervening plaintiff, against Schmidt Trucking Company and National Lumber Company for injuries from negligence of defendants in not providing a trailer which was safe for the purpose for which it was being used.   Summary judgment for defendant. Plaintiff appeals.   Reversed and remanded.

*Franklin & Harris (Michael M. Grand, of counsel),* for plaintiff.

*Gerald R. Klask,* for defendants.

LEVIN, J.   Plaintiff appeals a judgment which dismissed his amended complaint for (1) indefiniteness and lack of particularity in the averments of negligence and (2) failure to state a claim upon which relief can be granted.

The amended complaint alleged that the plaintiff was injured when he drove a battery-operated forklift truck onto a flat-bottom trailer owned by the

defendant Schmidt Trucking Company, which had been leased to the defendant National Lumber Company.

Plaintiff alleged he was using the forklift to unload insulation and siding on the trailer and that the forklift "went through the floorboard of the truck and fell over upon the plaintiff."

Plaintiff charged that it was the defendants' duty to know the use to which the trailer was being put and to supply and maintain a trailer safe and fit for normal loading and unloading operations of a flat-bottom trailer being used to transport insulation and siding, and that they neglected to perform their duty.

The negligence charged was the failure "to provide a trailer with which to support the weight of a forklift normally used in unloading insulation and siding or in supplying a trailer with a defective floorboard or floorboards. Said defect causing its failure to support the weight of the forklift of the type normally used to unload insulation and siding."

Plaintiff also alleged that his injuries were "the direct and proximate result of the negligence of the defendant in providing a trailer not sufficient for supporting the weight of a forklift."

We reverse and remand for trial.

A motion under GCR 1963, 117.2(1) asserts that the opposing party's pleading fails to state a claim upon which relief can be granted. The motion may be granted only where it appears on the face of the challenged pleading that the pleader cannot recover. Where it is claimed that a pleading is so vague or ambiguous that it fails to comply with requirements of the rules, the other party may move for a more definite statement under GCR 1963, 115.1 before filing his responsive pleading.

Plaintiff Clifford Major's amended complaint alleged that the defendants negligently supplied and maintained the truck and as a result he suffered damage while unloading the truck. If Major can prove what he has pleaded, he would be entitled to recover for his loss. Thus, the defendants were not entitled to judgment under GCR 1963, 117.2(1) even if because of a lack of particularity in Major's pleading a motion for more definite statement under rule 115.1 would be appropriate.

The real issue in this case is not whether plaintiff stated a claim upon which relief can be granted —he did—but whether he did so with sufficient particularity and definitiveness to satisfy the fact pleading and notice-to-opponent requirements of GCR 1963, 111.1(1) and to resist a motion for more definite statement under GCR 1963, 115.1 challenging the complaint for failure to meet those requirements.

GCR 1963, 111.1(1) requires that a pleading which sets forth a claim for relief contain

"a statement of the facts without repetition upon which the pleader relies in stating his cause of action with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend".

Rule 111.1(1) restates the requirements concerning specificity in pleading in effect since 1916.[1] The judicature act of 1915 (PA 1915, No 314, ch 14, § 2) first articulated the present standard that a plaintiff's pleading is sufficient if it "reasonably inform[s] the defendant of the nature of the case he is called upon to defend."

---

[1] See Michigan Circuit Court Rules (1916), 21(2); Michigan Court Rules (1931), 17(1), 19(1); Michigan Court Rules (1945), 17(1), 19(1); PA 1915, No 314, ch 14, § 2 (CL 1915, § 12454); CL 1948, § 614.2; committee note to Rule 111 reprinted as annotation, 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 191.

This standard was applied in *Douglas* v. *Temple Manufacturing Co.* (1917), 197 Mich 138, shortly after its enactment. There plaintiff's declaration charged that the defendant had a duty to provide "sufficient" and "necessary" personnel and equipment to erect a smokestack safely, and neglected to do so to plaintiff's injury. The Michigan Supreme Court rejected the defendant's claim that the declaration was insufficient because it failed to state "what caused this stack to fall", holding that the declaration reasonably informed the defendant of the nature of the case it was called upon to defend.

In *Crawford* v. *Palomar* (1967), 7 Mich App 21 27, we held sufficient under GCR 1963, 111.1 a complaint which alleged that "improper maintenance" of a bannister breached the duty properly to maintain a dwelling. See, also, *Jolman* v. *Alberts* (1915), 186 Mich 643; compare *Ritter* v. *Terman* (1938), 285 Mich 128; GCR 1963, 115.

In *Kuchcinski* v. *Curtis* (1930), 251 Mich 210, evidence showing that the brakes on the defendant's automobile were defective was excluded at the trial on the ground that the plaintiffs' declaration did not allege the brakes were defective. This, said the Michigan Supreme Court, was error (p 213):

> "It is not necessary to allege every detail or circumstance which contributes to the alleged negligence. It is sufficient if the defendant is reasonably informed of the negligence with which he is charged, in this case with operating the truck without having it under proper control."

Appended to Michigan Court Rules (1931) is an approved model form of declaration "for neglect in maintaining an unsafe stairway", which in pertinent part reads:

"That the stairway was out of repair and dangerous to persons using the same by reason of one of the *steps being loose,* in consequence of which the plaintiff fell upon said stairway and sustained personal injuries and suffered great pain."   (Emphasis supplied.)[2]

It will be noted that just as it was unnecessary to state "what caused the stack to fall" or what constituted "sufficient" and "necessary" personnel and equipment in *Douglas,* or the particular failure in the maintenance of the bannister in *Crawford,* or whether the automobile in *Kuchcinski* went out of "proper control" because of driver negligence or negligent maintenance, so too the approved model form does not elaborate as to what caused the steps to become "loose."[3]

Plaintiff's complaint was required only to state enough reasonably to inform the defendants of the nature of the cause they were summoned to defend. This plaintiff's amended complaint did, and no further pleading elaboration was required.  Plaintiff's amended complaint informed the defendants that the plaintiff claimed that they had the duty to supply and maintain a trailer which would support loading and unloading by a forklift truck, and that they neglected to perform their duty when they supplied a trailer with flooring inadequate to the task or defectively maintained.

The plaintiff was not required to know when he pleaded or to plead the precise defect or failure

---

[2] Michigan Court Rules (1931), p 179; reprinted with some change in verbiage but not in substance in Honigman and Hawkins, Michigan Court Rules Annotated, Forms, § 513, pp 121, 122.

[3] For a nonofficial form which would permit a defect in flooring to be alleged in much the way plaintiff here alleged it, see Callaghan's Michigan Pleading and Practice (2d ed), § 22.136, pp 180, 181. For another nonofficial form which supports the same view see Honigman and Hawkins, *op cit,* § 515, pp 126, 127.

which caused the flooring to give way.[4]    He was not then obliged to prove his case.[5]    Compare *Jean v. Hall* (1961), 364 Mich 434, 437.    Any further particularization that the plaintiff was in a position to supply was obtainable by the defendants through discovery.

Reversed and remanded for trial.    Cost to appellant.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.

---

[4] See *Pfaffenberger* v. *Pavilion Restaurant Company* (1958), 352 Mich 1, 7; *Spelman* v. *Addison* (1942), 300 Mich 690, 702, which state that in passing upon the sufficiency of a plaintiff's pleading, consideration should be given to whether the case is one where the facts allegedly omitted from the pleading are more likely to be in the defendant's possession than the plaintiff's.

[5] Indeed in some cases little more than was here alleged need be proven at trial to make a prima facie case.    *Lipsitz* v. *Schechter* (1966), 377 Mich 685; *Gadde* v. *Michigan Consolidated Gas Company* (1966), 377 Mich 117.    We, of course, intimate no opinion whether this is such a case.    We make this observation, however, to illustrate that plaintiff's complaint need not show the exact breach of duty.