### CARMACK v CICHON

1. COSTS—STATUTES.

> Costs are now usually recoverable and should be awarded to the successful party in any type of litigation, but the award awaits ultimate disposition of the proceeding (MCLA 600.2401).

2. COSTS—ACTION STILL PENDING—MISTRIAL.

> Costs are not recoverable when an action is still pending and since a mistrial is not a final disposition of a case costs may not be assessed following a mistrial.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 December 13, 1971, at Detroit. (Docket No. 10032.) Decided July 26, 1972.

Complaint by Judith A. Carmack, for herself and as administratrix of the estate of James U. Yates, deceased, and as next friend of Diana Carmack, a minor, and by Radford H. Carmack, against Joseph Cichon and others. Defendants' motion for mistrial granted and costs assessed against plaintiff's attorney. Plaintiff appeals by leave granted. Reversed and remanded.

*Kozlow, Jasmer & Woll,* for plaintiff.

Before: LESINSKI, C. J., and LEVIN and O'HARA,* JJ.

PER CURIAM. Following the declaration of a mistrial, the trial court assessed costs of $1,728

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 20 Am Jur 2d, Costs §§ 9, 14, 87.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

against plaintiff's attorney, Frederick Jasmer. This Court granted him leave to appeal.

As the result of certain statements made by plaintiff's attorney during his closing argument to the jury, the trial court granted defendants' motion for a mistrial. At that time, defendants also moved that they be awarded costs on the basis that the remarks of plaintiff's counsel had precipitated the mistrial. The trial judge, however, deferred his ruling on the matter of costs until later. Three days following the declaration of mistrial, without further notice or hearing, plaintiff's counsel received the following order of mistrial:

"A motion for mistrial and costs having been made by defendants on the basis of prejudicial statements made by plaintiffs' counsel in closing argument in the presence of the jury,

"It is hereby ordered that the above-entitled case may be and the same is hereby declared a mistrial, and costs, based on the attached Affidavit of Costs, are hereby taxed against attorney, Fred Jasmer, personally in the amount of *$1,728.00,* said amount to be paid prior to setting of a new trial date, or 60 days from the date hereon, whichever shall come sooner."

"/s/  *Joseph A. Moynihan*
Circuit Judge"

The affidavit of costs indicated that $1,650 of the $1,728 assessed as costs represented defendant's attorney fees.

Plaintiff's attorney contends that it was error for the trial judge to tax costs *ex parte* in the sum of $1,728 without a statement of reason, notice and hearing thereon, where neither party prevailed against plaintiff's attorney personally.

The statutory authority for the taxation of costs is found in MCLA 600.2401; MSA 27A.2401. It states:

"Except as otherwise provided by statute, the supreme court shall by rule regulate the taxation of costs. When costs are allowed in any action or proceeding in the supreme court or in the circuit courts, the items and amounts thereof shall be governed by the provisions of this chapter."

This rule has been interpreted to mean that costs are now usually recoverable and should be awarded to the successful party in any type of litigation. The awarding thereof awaits ultimate disposition of the proceeding. 7 Callahan's Michigan Pleading & Practice (2d ed), § 51.02, p 352.

In *Kuberski v Panfil,* 275 Mich 495, 499 (1936), the Michigan Supreme Court held that costs were not recoverable when the action was still pending and that "taxation of costs should abide the final outcome of the suit". In *Benmark v Steffen,* 374 Mich 155 (1965), the Michigan Supreme Court denied the taxation of costs incurred on account of a mistrial until such time as a judgment upon a new trial was obtained.

In the case at bar, the assessment of costs had followed the declaration of a mistrial. The *Benmark* case recognized that a mistrial is not the final disposition of a case since the final outcome of the suit must await a new trial. Consequently, the trial court was in error in assessing costs following the mistrial.

Reversed and remanded for trial forthwith of the cause in chief. No costs incurred below or upon review here may be taxed. Taxation of costs shall abide final outcome of the suit.

Judge LEVIN concurs in the result because there is no substantive basis for the award of costs against plaintiff's attorney.