CRUMP v CITY OF DETROIT

1. PLEADING—SUMMARY JUDGMENT—STATEMENT OF CLAIM.

The sufficiency of the allegations in a complaint is determined from the contents of the complaint without regard to affidavits or other matter purporting to supplement or contradict the allegations of the complaint on a motion for summary judgment for failure to state a claim upon which relief can be granted (GCR 1963, 117.2).

2. PLEADING—SUMMARY JUDGMENT—AFFIDAVITS.

Affidavits may be considered on a motion for summary judgment only when the motion alleges absence of an issue of material fact (GCR 1963, 117.2).

3. PLEADING—NEGLIGENCE—STATEMENT OF CLAIM—SUMMARY JUDGMENT.

A complaint for damages for injuries resulting from defendant city's negligence in failing to purchase safe playground equipment and to inspect, repair and maintain it, sufficiently states a cause of action to resist a motion for summary judgment for failure to state a claim upon which relief can be granted even though the factual allegations in the complaint may not sufficiently support the allegations of causal negligence (GCR 1963, 111.1[1]).

4. PLEADING—NEGLIGENCE—STATEMENT OF CLAIM—FACTUAL ALLEGATIONS.

A complaint which alleges negligence in a manner sufficient to inform the defendant of the nature of the cause he is called upon to defend is not defective for failure to make specific factual allegations even though it might be necessary for plaintiff to establish these additional facts at trial in order to prevail (GCR 1963, 111.1).

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 April 6, 1972, at Detroit. (Docket No. 12248.) Decided September 28, 1972.

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 41 Am Jur, (1st Ed), Pleading §§ 340–343.

Complaint by Elzie Crump, for himself and as next friend of Albert Crump, against the City of Detroit for damages resulting from negligence in failure to purchase and maintain safe playground equipment. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded for trial.

*Rader & Eisenberg,* for plaintiff.

*Michael M. Glusac,* Corporation Counsel, and *Alfred Sawaya* and *Lawrence A. Thompson,* Assistants Corporation Counsel, for defendant.

Before: LEVIN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

PER CURIAM. Plaintiffs appeal from a summary judgment dismissing their complaint for failure to state a cause of action.

Plaintiff Albert Crump was injured while playing on monkey bars at the Estabrook School playground in the City of Detroit. He was 14 years of age at the time. He claims that his left ring finger became caught on a loose bolt and screw. As a result, a portion of his finger was amputated.

The amended complaint alleges:

A. "[D]uring the summer months of 1969, the Department of Parks & Recreation for the City of Detroit conducted a summer program for children on the playground of the Esterbrook *[sic]* School."

B. The city, through the Department of Parks & Recreation, "had exclusive control of the playground and, more specifically, 'the monkey bar' at the playground".

C. The city, through the department, "assumed control over the Esterbrook *[sic]* playground and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the equipment on said playground during the summer of 1969 and owed a duty to properly inspect and keep the equipment in good condition and to repair the equipment, as more specifically set out in Title 4, Chapter Nine, Section 7D of the City Charter for the City of Detroit".[1]

D. The city, through the department, "violated the aforementioned duties" by "improperly inspecting and keeping in good condition and repair the playground equipment" and by "not purchasing and providing on playground areas equipment which was designed and manufactured in a safe and non-negligent manner".

E. Albert Crump's injuries and damages and the damages suffered by plaintiff Elzie Crump, Albert Crump's father, were caused by the city's negligence and carelessness.

The city relies on an affidavit submitted by a person employed by the Board of Education of the City of Detroit, to which is attached a copy of a permit issued by the Board of Education to the Department of Parks & Recreation permitting use of Estabrook School facilities during the period June 16, 1969 through August 20, 1969. The city claims that since Albert Crump was injured on September 2, 1969, it cannot be held responsible.

The plaintiffs rely on affidavits submitted by employees of the Board of Education which state that the board does not normally provide or supply

---

[1] "The general powers and duties of the [Parks and Recreation] commission, which shall be exercised and performed as herein provided, and in accordance with the general ordinances of the city, shall be as follows: * * *

"(d) Shall have power to conduct playgrounds and indoor recreation facilities on the grounds and in the buildings in charge of the board of education, subject to its consent; to supervise and equip playgrounds and playfields and to manage and direct such playgrounds, playfields, indoor recreation centers, debating clubs, gymnasiums, public baths and other means of recreation as may be provided by the common council." Detroit Charter, Title 4, ch 9, § 7D.

playground equipment on any school playfield in the city and that normally all playground equipment for the different public schools is purchased by the Department of Parks & Recreation and by it installed, maintained and repaired "throughout the year". The affidavits further state that when the board receives notice that playground equipment is not in a workmanlike condition "ultimately the Department of Parks & Recreation has a duty to repair the said equipment".

Another affidavit states that it is "common knowledge between the Department of Parks & Recreation and the School Board that the playground equipment of the schools is also used and is in use by the children who participate in the summer programs".

Of course, none of these affidavits may be considered in deciding whether the plaintiffs' complaint states a cause of action. The sufficiency of the allegations in a complaint is to be determined solely from the contents of the complaint without regard to affidavits or other matter purporting to supplement or contradict the allegations of the complaint; on a motion for summary judgment affidavits may be considered only when the motion alleges the absence of a genuine issue of material fact.

It is obvious that the plaintiffs' complaint states a cause of action. The complaint alleges that the plaintiffs were damaged by the defendant's negligence. That states a cause of action. Paraphrasing *Major v Schmidt Trucking Co,* 15 Mich App 75, 79 (1968), if the plaintiffs can prove what they have pleaded, they would be entitled to recover for their loss. Thus, the defendant was not entitled to a judgment because of a failure by the plaintiffs to state a cause of action.

Nor is it of any importance whether the factual allegations in the plaintiffs' complaint sufficiently support the allegations of causal negligence. While GCR 1963, 111.1(1) requires that a pleading contain "a statement of the facts without repetition upon which the pleader relies in stating his cause of action with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend", the rule is that, "Where it is claimed that a pleading is so vague or ambiguous that it fails to comply with requirements of the rules, the other party may move for a more definite statement under GCR 1963, 115.1 before filing his responsive pleading". *Major v Schmidt Trucking Co, supra,* p 78.

The defendant filed an answer to the original complaint before filing the motion for summary judgment. The amended complaint was filed shortly before the hearing on the motion for summary judgment. The defendant did not answer the amended complaint before the summary judgment motion was heard and granted. In all events, no motion for a more definite statement has been filed.

We do not wish to be understood as suggesting that the plaintiffs' amended complaint is subject to attack for indefiniteness or lack of particularity in the averments of negligence. On the contrary, it would appear that the allegations are sufficient to inform the defendant of the "nature of the cause he is called upon to defend". We advert to this aspect of the matter because the defendant's brief, despite the failure to file a motion under GCR 1963, 115.1, relies so heavily on the failure of plaintiffs to make specific factual allegations which defendant asserts are necessary. While plaintiffs at

trial might have to establish these additional facts in order to prevail, it does not appear that they need to be alleged in order reasonably to inform the defendant of the nature of the cause it was summoned to defend.

Reversed and remanded for trial. Costs to plaintiffs.