## FENTON COUNTRY HOUSE, INC. v AUTO-OWNERS INSURANCE COMPANY

1. Pleading—Motions—More Definite Statement—Court Rules.

   A plaintiff's failure to make a motion for a more definite statement of an affirmative defense before filing its responsive pleadings precludes a claim that the defendant's pleadings are defective because of a lack of particularity (GCR 1963, 115.1).

2. Pleading—Vagueness—Insurance—Arson—Affirmative Defense—Court Rules.

   Pleadings are required to be only so specific as to reasonably inform the adverse party of the nature of the cause he is called upon to defend; an averment that certain employees of an insured plaintiff set fire to a building by lighting newspaper stuffed between several mattresses is sufficient to inform the plaintiff of the nature of the insurer's arson defense (GCR 1963, 111.1).

3. Trial—Directed Verdict—Opening Statement by Counsel—Ultimate Facts.

   The specific test to be used in examining the opening statement by counsel, where the adverse party has moved for a directed verdict, is whether it encompasses all of the ultimate facts proposed to be proven and essential to the party's cause of action; and the pleadings as well as the opening statement must be considered before a directed verdict on the opening statement may be granted.

4. Arson—Evidence—Insurance—Affirmative Defense.

   Arson can be proven through evidence tending to show motive and opportunity, together with evidence negating accidental cause.

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading § 225.
[2, 4] 61 Am Jur 2d, Pleading §§ 152–160.
[3, 5] 75 Am Jur 2d, Trial §§ 202–210.
[6] 76 Am Jur 2d, Trial § 1067.

5. Trial—Directed Verdict—Opening Statement of Counsel—
   Prima Facie Showing—Insurance—Arson—Affirmative De-
   fense.

   A defendant insurer alleged sufficient facts in his opening state-
   ment to constitute a prima facie showing of arson, if the facts
   are proven, where counsel alleged (1) that the official investiga-
   tion had eliminated accidental causes of the fire, (2) that the
   insured plaintiff was in financial straits at the time of the fire,
   (3) that the insured company's sole owner was seen on the
   building's stairway shortly before the fire broke out, (4) investi-
   gators found that the fire started upstairs in some mattresses
   stacked in a room, and (5) that defendant would prove that the
   owner intentionally started the fire.

6. Costs—Assessment—Mistrial.

   A trial judge cannot assess costs following a mistrial; assessment
   must abide the final outcome of the suit.

Appeal from Genesee, John W. Baker, J. Sub-
mitted May 14, 1975, at Lansing. (Docket No.
22296.) Decided August 14, 1975.

Complaint by Fenton Country House, Inc.,
against Auto-Owners Insurance Company for re-
covery of proceeds under an insurance policy. Di-
rected verdict of liability. Defendant appeals. Re-
versed.

*Jerome F. O'Rourke,* for plaintiff.

*Rubenstein, Pruchnicki & Chittle,* for defendant.

Before: Quinn, P. J., and Bronson and N. J.
Kaufman, JJ.

Bronson, J. Defendant appeals a directed ver-
dict of liability at the close of its opening state-
ment to the jury, which was granted for (1) indefi-
niteness and lack of particularity in the allega-
tions of arson by defendant in its pleadings and (2)
omission in the opening statement of a proposition
of fact essential to relief.

Plaintiff's complaint alleged that defendant issued a fire insurance policy on certain of its business personal property, and that such property was destroyed by a fire. Plaintiff, then, contended that it was entitled to recover the insurance proceeds from that policy. Defendant interposed the affirmative defense of arson on the part of plaintiff corporation. Problems with pleading and proving that defense are at issue here.

The trial judge first found the pleadings to be defective on the following grounds: (1) that defendant did not name the specific individuals or persons who set the fire; and (2) that defendant did not indicate the specific manner in which the fire was set. The real issue here seems to be whether defendant stated his claim with sufficient particularity and definitiveness to satisfy the pleading requirements of GCR 1963, 111.1.[1] This Court cannot agree with the trial judge's determination that the pleadings were unduly vague.

The pleadings as finally amended alleged that plaintiff's "employees, agents, or officers or other representatives" willfully and fraudulently set fire to the premises for the purposes of obtaining insurance proceeds. At no time did the plaintiff make a motion for a more definite statement under GCR 1963, 115.1 in order to determine the specific individuals involved or the specific method used to start the fire. Plaintiff's failure to so move before filing its responsive pleadings precludes a claim of lack of particularity, *Major v Schmidt*

[1] The trial judge held overall that the pleadings did not "state a recoverable cause of action". That holding on its face would indicate reliance upon GCR 1963, 117.2(2). However, it is clear that we could not sustain the trial judge's decision upon that basis, for if defendant can prove what it has pleaded, it would have a valid defense. *See*, in general, *Major v Schmidt Trucking Co*, 15 Mich App 75; 166 NW2d 517 (1968), for a discussion of the differences between motions under GCR 1963, 117.2(2), and motions under GCR 1963, 111.1.

*Trucking Co,* 15 Mich App 75; 166 NW2d 517 (1968), *Crump v Detroit,* 43 Mich App 199; 203 NW2d 910 (1972). Therefore, the trial judge cannot base his directed verdict for plaintiff upon the vagueness of defendant's pleadings.

This Court does not want to be understood as saying that defendant's pleadings in fact were unduly vague. GCR 1963, 111.1 requires the pleadings to be only so specific as to "reasonably * * * inform" the adverse party of the nature of the cause he is called upon to defend, *Rose v Wertheimer,* 11 Mich App 401; 161 NW2d 406 (1968). The averment that certain employees intentionally set fire to the building is sufficient to inform plaintiff of the nature of the arson defense. The names of particular employees can be obtained through discovery, *Major v Schmidt Trucking Co, supra.* With respect to the particular means used to start the fire, a reasonable reading of defendant's first amended answer would indicate that defendant in fact claims that the fire was started by lighting newspaper stuffed between several mattresses. Therefore, this Court cannot hold these pleadings to be lacking in the degree of particularity required by the court rule.[2]

The trial judge alternatively ruled that plaintiff's motion for a directed verdict should be granted because defendant's opening statement did not aver a prima facie case. As a starting point, this Court must recognize that this method of disallowing a party from presenting its case to the jury is a limited and disfavored one, 2 Honigman

---

[2] It should be additionally noted that less is required to "reasonably notify" the plaintiff of the claimed defense than in the usual case. This case has already gone to trial on one previous occasion with a mistrial being declared after two days of testimony. At that time, some of the particulars of defendant's defense were undoubtedly revealed to the plaintiff.

& Hawkins, Michigan Court Rules Annotated (2d ed), p 526, *Mathews v Wosek,* 44 Mich App 706; 205 NW2d 813 (1973). That view of such directed verdicts has developed because the opening statement is only for the jury's benefit, and must be made using simple language a jury likely will understand. Only the very general nature of the case need be described, *Melton v Urban American Land Development Co,* 48 Mich App 272; 210 NW2d 262 (1973), *Ambrose v Detroit Edison Co,* 380 Mich 445; 157 NW2d 232 (1968).

The specific test to be used in examining the opening statement is whether it "encompassed all of the ultimate facts proposed to be proven and essential to plaintiff's [defendant's, here] cause of action", *Melton, supra,* 48 Mich App at 277. Under that very loose test which must be used to judge the offer of proof found in the opening statement, this Court finds that defendant raised a jury-submissible arson defense.

Defense counsel did not allege in his opening statement that defendant would present actual eyewitnesses to the act of arson. Yet that is rarely possible in an arson case. Instead, the following facts were alleged: (1) that the official investigation had eliminated accidental causes of the fire; (2) that plaintiff corporation was in financial straits at the time of the fire; (3) that Mr. Paris, sole owner of plaintiff corporation, was seen on the stairway to the upstairs of the building shortly before the fire broke out; and (4) investigators found that the fire started upstairs in some mattresses stacked up in a room. Defense counsel concluded his opening statement by asserting that he would prove that Mr. Paris intentionally started the fire.

This Court must hold that, if defendant proved all of the circumstantial evidence mentioned in its

opening statement, the trial judge would be required to submit the arson defense to the jury. Arson can be proven through evidence tending to show motive and opportunity, together with evidence negating accidental cause, *People v Bailey,* 42 Mich App 359; 202 NW2d 557 (1972). While the Court in *Dunn v Citizens Mutual Fire Insurance Co,* 251 Mich 71; 231 NW 137 (1930), found the circumstantial evidence there to be insufficient to take the issue to the jury, more facts were alleged by defendant here. We are of the opinion that the defendant alleged sufficient facts in his opening statement to constitute a prima facie showing of arson if proven, making the trial judge's granting of a directed verdict at that point improper.[3]

The trial court assessed defendant the costs incurred on account of an earlier mistrial in this cause. The assessment must abide the final outcome of the suit, for the trial judge cannot assess costs following a mistrial, *Carmack v Cichon,* 42 Mich App 233; 201 NW2d 669 (1972).[4]

Reversed and remanded for a new trial, costs of this appeal to defendant.

---

[3] Even if this Court accepted plaintiff's argument that the defendant must affirmatively show an incendiary origin for the fire, as opposed to merely negating all natural causes, the trial judge's ruling cannot be upheld. The pleadings as well as the opening statement must be considered before a directed verdict on the opening statement is granted, *Crawford v Palomar,* 7 Mich App 21; 151 NW2d 236 (1967), *Melton v Urban Land Development Co,* 48 Mich App 272; 210 NW2d 262 (1973). As discussed above, defendant's pleadings must be read to allege the use of newspaper stuffed between mattresses to start the fire. Proof of that fact would be sufficient to show an incendiary origin, *People v Dorrikas,* 354 Mich 303; 92 NW2d 305 (1958).

[4] Since we need not reach this issue, we will only mention that it is not readily apparent upon what basis the trial judge allowed attorneys' fees to be included as part of these costs. As a general rule, the Michigan courts have not allowed recovery of attorneys' fees as an element of costs unless such is expressly authorized by statute or court rule, MCLA 600.2405; MSA 27A.2405, *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). We can find no Michigan statute or court rule providing for the allowance of attorneys' fees after a party causes a mistrial.