## Smith *et al.* *vs* Bland.

### ERROR TO THE MARION CIRCUIT.

*Administrator.   Assets.   Rents.   County Court Justices.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

THIS is an action on the case, brought under the 34th section of the act of 1797, (1 *Stat. Laws*, 664,) by Nancy Bland against Smith and others, as acting Justices of the Peace of the Washington County Court, for failing to take security from John Scanland, to whom they granted letters of Administration, on the estate of John S. Bland, dec'd., the ancestor of the plaintiff. It seems that security was offered and approved by the Court, and was in fact good at the time, and an attempt to execute a bond, which was signed by the Administrator and surety, but the paper signed was a blank, and was never filled up in the lifetime of the Clerk, who took it, and it now remains a blank in the office, by reason of which the surety was let out from responsibility by the Court, in a proceeding to subject the estate, and Scanland proved insolvent. A judgment was recovered against the Justices, for the amount due the plaintiff, as heir, and they have appealed to this Court.

Passing over the several objections raised to the judgment, all of which we deem unsustainable, we will notice only one, which is fatal to the plaintiff's right to recover.

CASE.

7m 21
101 390
101 391

*Case 7.*

*September 17.*
Case stated.

Rents of land received by an Administrator are not assets, and for them the sureties of the administrator are not liable, tho' the administrator is liable personally as trustee.

The Justices of the county court are not responsible to distributees for failing to take surety from an Adm'r. where the suit is to recover for rents of land of the intestate.

The Administrator took upon himself to rent out the lands and collect the rents for the same. And deducting the rents from the amount of the assets which came to his hands, it appears that he has disbursed in the payment of debts, and in the costs of administration, a much larger amount than the personal estate which he received. For the rents his surety, if security had been taken, could not have been made liable. They were not assets which he as Administrator had a right to receive. Though he might be made personally liable for the same, as trustee, his sureties could not, as they must be regarded as undertaking for his faithful administration of such assets only as he might rightfully receive as Administrator. And as his surety, if taken, could not be made liable, neither can the County Court Justices be made liable, as the plaintiff has sustained no damages by reason of their failure to take security.

The disbursements made by the Administrator in the payment of debts, &c., must be regarded as made out of those funds, which it was his duty to collect and disburse, in the absence of proof to the contrary, and the more especially as the personal assets first came to his hands.

The judgment of the Circuit Court is reversed, and cause remanded, that a new trial may be granted.

*Shuck and Thurman* for plaintiff; *Rountree and Fogle* for defendants.