JUDGE HARDIN
delivered the opinion of the court.
G. M. Brumson. having died intestate, and there being no administrator of his estate, the couuty court having *511 jurisdiction ordered J. H. Murry, as sheriff, to administer the estate, under the provisions of sections 17 and 18 of article 1 of chapter 87 of the Revised Statutes; and the personal estate, which was properly applied, being insufficient to pay the intestate’s debts, the sheriff brought a suit in equity against the heirs and creditors of said decedent to have the balance of the debts ascertained and reported by a commissioner, and a sale of land descended to the heirs to satisfy the claims of the creditors; and in that suit a claim was allowed in favor of the appellee J. D. Jewell for fifty-two dollars and thirty-one cents, for which and other debts a sale of land was adjudged. The sale having been made and confirmed, Murry was ordered by the'court to collect and pay to the creditors the amount of their claims raised by the sale; and it sufficiently appears that Murry collected the money, but not on any legal process in his hands as sheriff.
Murry having failed to pay the appellee’s claim, he brought this suit to recover the amount against him, and the appellants Heeter and others, as his sureties in his official bond, who, having unsuccessfully resisted the recovery sought, have appealed to this court.
On this appeal, as by the defense in the court below, the essential question presented is, was the liability of Murry for the proceeds of the land collected under the order of the court embraced by the covenant of his official bond as sheriff? In that bond the sureties undertook that said Murry as sheriff should, “by himself and deputies, well and truly discharge all the duties of said office, and pay over to such persons, and at such times as they may be respectively entitled to the same, all money that may come into his or their hands as sheriff'.”
Whatever individual responsibility Murry may have taken on himself by receiving the price of the land under *512 the order of the court, as the liability of his sureties. for his official acts under the order of the county court directing him to administer the estate of Brumson, must be limited by the law regulating the duties of ordinary administrators, it is obvious that the sureties were not responsible in this case unless the money received might have properly come to the hands of an administrator as assets, or unless it was part of the general duty of the sheriff to receive the money under the order of the circuit court, independent of the fact that Brumson’s estate had been committed to his hands.
Generally neither the duties nor responsibilities of administrators attach to lands, except with reference to rents and emblements and interests, less than freehold estates; but they are charged with the duty of administering “the goods, chattels, credits, and effects” of their intestates (1 Revised Statutes, 504), which do not comprehend more than general personal estate, including choses in action and chattels real. (1 Bouvier’s Law Dict. 563.)
Clearly then the proceeds of the land which descended to the heirs of Brumson were not assets in the sheriff’s hands for which his sureties were responsible, unless the judicial conversion of the land for the payment of debts impressed its proceeds with that character. But conceding that by the sale of the land its proceeds became equitable assets, subject in the hands of the court to the payment of debts, still they were only equitable, not legal assets; and the bond of a personal representative binds his sureties only for legal assets, as was held by this court in the case of Clay, &c. v. Hart, 7 Dana, 1.
Before the passage of the Revised Statutes rents accruing after the death of an intestate and collected by his administrator were not legal assets; and hence this court decided, in the case of Smith, &c. v. Bland, 7 B. Mon. 21, *513 that “though he might be made personally liable for the same as trustee,' his sureties could not, as they must be regarded as undertaking for his faithful administration of such assets only as he might rightfully receive as administrator.”
By section 465 of the Civil Code, the action for a settlement of Brumson’s estate might have been brought by either his personal representative, an heir, or a creditor,; but neither that section nor any other provision of the Code authorized the personal representative to receive and distribute the price of the land without the order of the court. We are of the opinion therefore that the appellants were not responsible for the money received by Murry, on the ground that it came to his hands as Brumson’s personal representative. ‘
Whether the court might not, by appropriate order, have made the sheriff its depositary of the money, and thus devolved responsibility on his' sureties, instead of causing the money to be collected and paid by a receiver upon the execution of a sufficient*bond in the usual mode, it seems to us that the order, which simply directed Murry, as the plaintiff in the suit, to collect and pay over the money, did not impose on the appellants responsibility of any kind.
Wherefore the judgment is reversed, and the cause remanded, with directions to dismiss the petition as to the appellants, and to adjudge to them their costs.