### LUCKING *v.* BARKER.

1. DISCOVERY—JUDGMENT—FRAUDULENT CONVEYANCES.

Bill for discovery may precede judgment in action at law in aid of which suit was brought to discover assets and subject the same, under fraudulent conveyance act, to payment of plaintiff's claim (3 Comp. Laws 1929, § 13392 *et seq.*).

2. SAME—FRAUDULENT CONVEYANCES—ATTACHMENT.

Under bill for discovery of assets and to subject same, under fraudulent conveyance act, to payment of notes on which action at law had been started, creditor is not entitled to attachment process (3 Comp. Laws 1929, § 13392 *et seq.*).

3. FRAUDULENT CONVEYANCES—CONSTITUTIONAL LAW—DUE PROCESS —RIGHTS OF THOSE NOT PARTIES TO SUIT.

Rights of purchasers of syndicated units of other property than that mortgaged by a mortgagor, who are not parties to suit by her mortgagee seeking to set aside unrecorded conveyances by which such purchasers acquired their interests may not be cut off without opportunity for them to be heard.

4. Deeds—Quitclaim Deeds—Title Conveyed.

A quitclaim deed conveys such title as the grantor holds (3 Comp. Laws 1929, §§ 13279, 13304).

5. Same—Good Faith.

Good faith of grantors and grantees is not determined by the mere form of a conveyance and does not come into question unless grantee claims that rights of third parties are cut off thereby.

6. Discovery—Relation of Debtor and Creditor.

In suit for discovery of debtor's assets and to subject them, under fraudulent conveyance act, to payment of notes sued upon in action at law, date on which notes were executed determines date on which relation of debtor and creditor was established and previous transactions may not be inquired into for purposes of this suit (3 Comp. Laws 1929, § 13392 et seq.).

7. Fraudulent Conveyances—Discovery—Evidence.

Transactions, whereby defendant, one who purchased land and disposed of her interest therein by selling syndicated units thereof, which took place before her execution of notes secured by purchase money mortgage and on which notes creditor brought action at law and present bill for discovery of assets and to subject them, under fraudulent conveyance act, to payment of notes, which transactions bear no evidence of fraudulent purpose, may not be set aside because syndicate instrument of trust was not recorded, and property held open to levy if, and when, plaintiff obtains a judgment (3 Comp. Laws 1929, § 13392 et seq.).

Appeal from Wayne; Moll (Lester S.), J. Submitted October 22, 1935. (Docket No. 60, Calendar No. 38,436.) Decided January 6, 1936.

Bill by William Lucking against Julia M. Barker, Julia M. Barker, Inc., and Barker Mortgage Investment Company for discovery, to set aside conveyances, to appoint a receiver and for other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Lucking, VanAuken & Sprague,* for plaintiff.

*Goodenough, Voorhies, Long & Ryan,* for defendants.

WIEST, J. The bill herein was filed by a creditor of defendant Julia M. Barker to have discovery of property, belonging to her, and to subject the same, under the fraudulent conveyance act (3 Comp. Laws 1929, § 13392 *et seq.*), to payment of plaintiff's claim.

This is not a judgment creditor's bill, for plaintiff, although he brought suit at law, has no judgment. The bill, however, under the fraudulent conveyance act, may precede judgment. *Hartford Accident & Indemnity Co.* v. *Jirasek,* 254 Mich. 131.

In 1925, plaintiff sold real estate to Julia M. Barker on land contract and, in June, 1929, the purchase price having been in part paid, plaintiff gave Mrs. Barker a warranty deed and took back a purchase money mortgage for $80,000 accompanied by notes. Upon default in payment of an installment note plaintiff declared the full amount due and brought an action at law to recover the indebtedness secured by the mortgage but has not yet proceeded to judgment. The court found that the allegations of fraudulent conveyances were not established and dismissed the bill.

Mrs. Barker evidently purchased much real estate without ability to pay therefor, and employed the scheme of syndicating the purchases and issuing participating certificates to contributors of funds. In three instances Mrs. Barker purchased in her own name certain premises, gave purchase money mortgages, then quitclaimed the premises to Julia M. Barker, Inc., then, by an unrecorded quitclaim deed, Julia M. Barker, Inc., conveyed to Julia M. Barker, trustee, who held under the terms of an unrecorded syndicate instrument of trust, and sold

units in the trusteed property, giving purchasers certificates of interest therein. Such units were sold, participating certificates issued, and substantial sums paid therefor before the execution of the notes held by plaintiff.

Plaintiff claims that, as an "attaching creditor" of Mrs. Barker, his rights are paramount to those of the unit purchasers.

Plaintiff is not an attaching creditor. He filed a *lis pendens* and in this proceeding did not, and could not have attachment process.

The purchasers of units are not parties to this suit and their rights cannot be cut off without opportunity for them to be heard.

This is not an instance of dealings by plaintiff with Mrs. Barker, with reference to the property, in ignorance of the unrecorded deeds and trust relation, but an effort in a court of equity to have his relation of creditor of Mrs. Barker adjudged to accord him rights in property superior to that of cash investors therein.

Plaintiff contends that a grantee, under a quitclaim deed, is not a *bona fide* purchaser, citing *Peters* v. *Cartier,* 80 Mich. 124 (20 Am. St. Rep. 508), and *Walker* v. *Schultz,* 175 Mich. 280, and, therefore, that Julia M. Barker, Inc., Julia M. Barker, trustee, and the syndicate members were not *bona fide* purchasers.

All cases hold that a quitclaim deed conveys such title as the grantor held. Mrs. Barker held the titles, subject to mortgages, inclusive of the parcel conveyed to her by plaintiff, and quitclaim deeds by her, and the subsequent quitclaim deeds, passed all the title she had. See 3 Comp. Laws 1929, § 13279, also 3 Comp. Laws 1929, § 13304.

Good faith of grantors and grantees is not determined by the mere form of a conveyance, and does

not come into question unless such a grantee claims that rights of third parties are cut off thereby.

The issues, by consent of plaintiff and offer of conveyances by defendants, involve but three parcels of land and transfers relative thereto and styled the Kapernick, Dailey, and Hoagland-Long syndicates. Four parcels, offered to be conveyed to plaintiff by quitclaim deed, were apparently not accepted. The Kapernick property was purchased by Mrs. Barker in 1926, and syndicated in 1927 by unrecorded articles, and the 66 unit purchasers paid $36,417.50, up to March, 1927. The so-called Dailey property was purchased in 1926, syndicated and, up to September, 1927, 62 unit purchasers had paid $43,200. The Hoagland-Long property was purchased in January, 1927, syndicated in July, 1927, and from January to May, 1927, 69 unit purchasers had paid $30,000. When Mrs. Barker purchased the mentioned properties she executed purchase money mortgages thereon for large amounts.

Plaintiff claims that he ranks as a creditor of Mrs. Barker within the purview of the fraudulent conveyance statute, 3 Comp. Laws 1929, § 13392 *et seq.,* from 1925, when the land contract was executed, and is not confined to the date the notes, secured by the mortgage, were taken and, therefore, transactions of Mrs. Barker antedating the latter date are open to review in this action.

The mortgage notes were due in installments and, upon default in payment of the first installment note, plaintiff exercised the contract right of acceleration, declared all the notes due and brought action thereon at law and, ancillary thereto and before judgment therein, filed the bill herein. Plaintiff, by such action, fixed his status as a creditor and that of Mrs. Barker as his debtor, and may not now, in this proceeding, attack, for the technical reasons asserted,

the transactions previous to 1929. The suit at bar is in aid of the action at law and the obligation sued upon at law fixes the date of the debt for the purposes of the case at bar.

The trial judge rendered a carefully considered opinion, too long, however, to be here inserted, and we agree with the result he reached.

It is evident that Mrs. Barker transacted business "on a shoe string," and somewhat carelessly. We are unable to find, however, that she is interested in property which should be held open to levy by plaintiff if, and when, he obtains judgment.

The transactions complained of previous to 1929 bear no evidence of fraudulent purposes, but rather the only means by which Mrs. Barker was enabled to make the purchases and, therefore, plaintiff's assertion of rights, based on noncompliance with recording laws, cannot prevail.

The decree is affirmed, with costs to defendants.

North, C. J., and Fead, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.