SMITH, HINCHMAN & GRYLLS et al. v. CAMPAU HOLBROOK CO.

No. 10582.

Circuit Court of Appeals, Sixth Circuit.

June 3, 1948.

Howard H. Campbell, of Detroit, Mich. (John P. O'Hara and Fixel & Fixel, all of Detroit, Mich., on the brief), for appellants.

Frederick C. Nash, of Detroit, Mich. (Frederick C. Nash and Bodman, Longley,

Bogle, Middleton & Armstrong, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

This is an appeal by architects, attorneys and lease brokers from an order of the United States District Court denying their motion for summary judgment and granting a like motion of the appellee, Campau Holbrook Company. On January 13, 1939, the District Court confirmed fee allowances made by the Referee to appellants for services rendered in a proceeding in the District Court, in which the reorganization of Von Kozlow Realty Company was unsuccessfully attempted. The issue presented here does not involve the amounts of such compensation, but pertains to the remedy now sought by appellants to collect them.

It appears that, in 1930, a mechanics' lien foreclosure suit was instituted in the Circuit Court of Wayne County, Michigan, against real estate on which a building was being constructed. The property was owned at that time by Cecelia Kozlowski. During pendency of the foreclosure suit, she conveyed the property, by quitclaim deed in 1934, to her brother, Edward Kozlowski, who, in 1935, conveyed it by quitclaim to a Michigan corporation, Von Kozlow Realty Company. The state court ordered the property sold; and, at the judicial sale on June 9, 1936, Louis Zeiger bid in the property. Before the sale was confirmed, an involuntary petition for reorganization of the Von Kozlow Realty Company was filed on June 13, 1936, in the United States District Court, which approved the petition, appointed a trustee, and ordered the stay of any further action in the lien foreclosure suit. On January 3, 1938, the federal district court dissolved its stay order.

Zeiger had appealed to this court in connection with the Von Kozlow Realty Company reorganization proceeding; and, on January 7, 1938, the cause was discontinued subject to reinstatement on our docket, for the reason that the questions presented had become moot. The per

curiam of this court recited: "It appears that a restraining order previously issued by the lower court was dissolved January 3, 1938, by reason whereof appellant Louis Zieger is now able to proceed with a certain mechanic's lien foreclosure sale, which the lower court had previously restrained." Zieger v. Von Kozlow Realty Company, Debtor, et al., 6 Cir., 93 F.2d 1023.

There has been some discussion as to whether the reorganization proceeding actually has been dismissed. On the record before us, we are unable to answer. In his opinion filed in the instant matter, the District Judge stated that the bankruptcy court on January 12, 1938, made findings of fact and conclusions of law containing the statement: "No plan of reorganization having been confirmed and this cause having been pending in this court for an unusually long time, it becomes the duty of the court to dismiss the proceedings; and an order may be entered dismissing the proceedings." It appears that such order has not been located in the court files. Whether the reorganization proceeding was dismissed or not is immaterial, inasmuch as there is no question that the district court dissolved its order staying the foreclosure proceedings in the state court, which thereupon had a clear right to proceed.

A week before the Circuit Court of Wayne County, Michigan, entered an order confirming the judicial sale to Zeiger of the property purchased by Von Kozlow Realty Company in 1935, the United States District Judge referred to the Referee in Bankruptcy the petition of appellants and others for allowances of fees and expenses in the reorganization proceedings. The Referee recommended specific allowances, but concluded in his report that the rights of Zeiger were superior to and should take priority over those of petitioners, or any claimants, and should not be subordinated to or charged with any expenses or claims in the cause. The petitioners filed exceptions, which, on January 13, 1939, were overruled by the District Judge, who confirmed and adopted the Referee's report. Thereupon, an appeal to this court ensued. The appeal was dismissed for failure of appellants to obtain leave to prosecute it in conformity with section 250 of the Bankruptcy Act, Title 11, U.S.C.A. § 650. In re Von Kozlow Realty Co., 6 Cir., 116 F.2d 673.

From the opinion in that case, it is apparent that the record was fully considered, even though decision was based upon procedural grounds. It was pointed out that appellants had not appealed from the decree of the state court whereunder the only asset of the debtor corporation, the real estate involved, had been conveyed to the appellee by virtue of the foreclosure based on enforcement of various mechanics' liens. It was observed that the petition for reorganization had been dismissed because of the impossibility of securing the cooperation of the principal owners of the stock of the debtor corporation. In a supplemental opinion denying the petition of appellants for rehearing, allusion was made to "the doubtful merit of appellant's claim, as stated in the original opinion."

While the former opinion of this court does not operate to shut off, on the principle of res judicata, a reconsideration of the arguments on the merits then advanced, this court clearly indicated its view as to the questionable character of appellants' claims. Certainly, it was incumbent upon them, following such indication, to proceed with dispatch in the United States District Court if they intended to prosecute further efforts toward attaching the real estate in satisfaction of their fee and expense allowances. This they failed to do. Almost four years elapsed after denial of the petition for rehearing before appellants pressed their claims in the District Court. An additional two years has intervened before the record on the present appeal was filed in this court.

In the meantime, the appellee corporation has been in undisturbed possession of the property under valid record muniments of title. Yet, the appellants, after non-action and long delay, now seek to attach and sell the property for the payment of fee and expense allowances awarded them in an abortive reorganization proceeding, wherein such allowances were expressly subordinated to the rights of Zeiger, purchaser at judicial sale. It is obvious that the fee and expense allowances to appellants were never intended to constitute a

lien upon this real estate. Zeiger, who, as has been shown, purchased the property on June 9, 1936, conveyed it to Parent Holding Company, which contemporaneously executed a mortgage to the R. F. C. Mortgage Company. Very shortly after the execution of the mortgage, the mortgagor defaulted and foreclosure proceedings were instituted. A decree of foreclosure was entered by the United States District Court on September 25, 1939; and, upon sale by a special master, the property was purchased by Frank W. Donovan, who, on December 1, 1939, conveyed it to the appellee, Campau Holbrook Company.

In a rather involved argument, appellants contend, in substance, that the decree of confirmation of the mechanics' lien foreclosure sale entered by the state court was a consent decree in fraud of the rights of appellants and of the trustee in the federal-court reorganization proceedings; and was, therefore, ineffectual to terminate the right of redemption. The argument will not stand, for it does not appear that the decree entered was, in fact, a consent decree. The issue of confirmation was contested. The record shows that the appellant attorneys, who represented the trustee in the reorganization proceeding, acknowledged service of notice and submitted objections to the entry of the state-court decree confirming the sale to Zeiger. Their failure to follow up actively their objections and to appeal from the decree entered should certainly, in equity, shut off their right now to do so against a bona fide purchaser of the property. The trustee had the right to intervene, but did not do so.

At this late date, appellants are not in position to urge, even if the trust fund doctrine were applicable, that there is any basis for its application, grounded upon the actions of Zeiger, Kozlowski, and others in connection with Zeiger's acquisition of the property.

There is nothing in the record to gainsay the conclusion that appellee bought the property for value, without actual notice of any supposed lien or trust. Appellants contend that, inasmuch as the appellee took title by quitclaim deed, it was not a bona fide purchaser, and that appellee must be charged with notice of appellants' alleged liens as a matter of law. We think the pertinent Michigan statute rejects this argument. See Comp. Laws of Michigan, section 13304, Michigan Statutes Annotated, Vol. 19, section 26.547.[1] Good faith of grantors and grantees is not determined by the form of conveyance. Lucking v. Barker, 274 Mich. 103, 106, 264 N.W. 306.

There was no record on file in the office of the Register of Deeds of such character as to charge appellee, as a matter of law, with notice of alleged facts which appellants assert invalidated the sale to Zeiger; and, apparently, the reorganization proceeding in the Von Kozlow Realty Company matter in the federal court had become a nullity at the time the appellee purchased the property. This is not to say that appellants would have the right to impress a trust upon the property purchased by appellee, even if appellee had possessed knowledge of all the transactions alleged by appellants.

We have carefully examined the original three-volume typewritten record filed on this appeal. The brief and the reply brief of counsel for appellants, as well as the brief of the attorney for the appellee, have been studied and considered. The somewhat labored arguments upon other points raised by appellants, but not mentioned herein, are deemed of insufficient force to merit discussion.

The order of the District Court is affirmed.

---

[1] Unrecorded conveyance, validity against subsequent purchaser; relation of quitclaim deed to good faith. Sec. 29. Every conveyance of real estate within the state hereafter made, which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser in good faith and for a valuable consideration, of the same real estate or any portion thereof, whose conveyance shall be first duly recorded. The fact that such first recorded conveyance is in the form or contains the terms of a deed of quit-claim and release shall not affect the question of good faith of such subsequent purchaser, or be of itself notice to him of any unrecorded conveyance of the same real estate or any part thereof.