PEOPLE v FREDERICKS

1. CRIMINAL LAW—PSYCHIATRIC EXAMINATION—EVIDENCE.

A psychiatrist may not testify at trial concerning facts gleaned from the defendant relating to the defendant's guilt, but a psychiatrist may testify to other facts learned from and concerning the defendant which are themselves material to the case.

2. CRIMINAL LAW—PSYCHIATRIC EXAMINATION—EVIDENCE.

Testimony of a psychiatrist as to facts learned from and concerning the defendant, which were related earlier by the testimony of the defendant and which the psychiatrist said he needed to formulate an opinion as to the defendant's sanity, was properly admitted into evidence.

Appeal from Oakland, Frederick C. Ziem, J. On remand from the Supreme Court. (Docket No. 11544.) Decided May 1, 1972. Leave to appeal denied, 388 Mich 751.

Gene W. Fredericks was convicted of first-degree murder. Defendant appealed to the Court of Appeals which affirmed his conviction. 36 Mich App 632 (1971). Defendant appealed to the Supreme Court. Remanded to the Court of Appeals for reconsideration. 387 Mich 755 (1972). Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Fenton, Nederlander, Tracy, Dodge & Barris, P. C.,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 354.

Before: DANHOF, P. J., and MCGREGOR and QUINN, JJ.

SUPPLEMENTAL OPINION ON REMAND FROM
THE SUPREME COURT.

PER CURIAM. Pursuant to the March 3, 1972, order of remand from the Supreme Court, we have considered our decision in this case in the light of *People v Martin,* 386 Mich 407 (1971), and *People v Stevens,* 386 Mich 579 (decided February 25, 1972). We affirm our prior opinion.

As we read *Martin* and *Stevens, supra,* a psychiatrist is proscribed from testifying at trial concerning facts gleaned from the defendant relating to the latter's guilt, but a psychiatrist may testify to facts learned from and concerning the defendant which are themselves material to the case. We do not find in the record testimony of the psychiatrist that is proscribed by *Martin* and *Stevens, supra.* We do find testimony of the psychiatrist as to facts learned from and concerning defendant which the psychiatrist said he needed in formulating his opinion as to defendant's sanity. The latter facts were also related by defendant from the witness stand prior to the testimony of the psychiatrist.