RENDERED: DECEMBER 13, 2018
TO BE PUBLISHED

Supreme Court of Kentucky

**FINAL**

2017-SC-000669-DG

DATE 1/3/19 Kim Redmon, DC

STEVE GREGORY                                                                    APPELLANT


V.

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2016-CA-001771-MR
PULASKI CIRCUIT COURT NO. 13-CI-00246


BRANDON HARDGROVE AND                                            APPELLEES
CASEY HARDGROVE


**OPINION OF THE COURT BY JUSTICE VANMETER**

**REVERSING AND REMANDING**

By statute, a tort claimant's right of action against a tortfeasor generally

survives the latter's death. KRS[1] 411.140. The issue we resolve in this case is

whether the Court of Appeals erred in affirming the Pulaski Circuit Court's

dismissal of Steve Gregory's claim against the heirs of Harold Hardgrove (the

"Decedent") seeking to enforce a judgment lien against real property owned by

the Decedent at his death. The Court of Appeals affirmed the trial court's

dismissal of Gregory's complaint seeking to intervene in a foreclosure action

filed by Cumberland Valley National Bank and Trust Company ("CVNB"). In its

foreclosure action, CVNB sought to enforce its mortgages against the

---

[1] Kentucky Revised Statutes.

Decedent's real property. The trial court held that Gregory failed to state a claim for which relief could be granted because at the time of death, the Decedent's real property passed to his heirs at law immediately, subject only to the claims of "creditors." Finding that Gregory's pending tort claim against the Decedent did not qualify him as a "creditor," the trial court dismissed his claim. The Court of Appeals affirmed. Upon review, we conclude Gregory's tort claim, which accrued prior to the date of death, made Gregory a creditor of Hardgrove and now his Estate. Accordingly, we reverse and remand.

## I. Factual and Procedural Background.

In the fall of 2008, Gregory was injured while attending races at Lake Cumberland Speedway, owned by Hardgrove. Gregory filed a civil action against Hardgrove in March 2009.[2] In August 2009, Hardgrove died intestate, survived by his children and heirs at law, Brandon Hardgrove and Casey Hardgrove. Brandon Hardgrove was appointed Administrator by the Pulaski District Court on October 28, 2009. Gregory timely revived his action against Hardgrove's Estate. KRS 395.278. The record also indicates that Gregory filed a proof of claim against the Estate pursuant to KRS 396.011, 396.015.[3] In December 2013, the Pulaski Circuit Court, First Division, entered a judgment in favor of Gregory against the Estate in the amount of $172,780.16, and interest at 12% per annum from and after the date of entry.

---

[2] Pulaski Cir. Ct., Div. 1, 09-CI-00374.

[3] Under KRS 396.015(2), a separate proof a claim was unnecessary since Gregory's action was pending at the time of death and substitution of the personal representative, or motion therefore, constituted presentment of the claim.

At the time of the Decedent's death, as listed on the Estate's Inventory and Appraisement, he owned three parcels of real property, with an estimated value of $310,000.[4] In February 2014, Gregory filed a judgment lien against the Estate's property.

In a separate action filed in February 2013,[5] CVNB filed a foreclosure action with respect to the Decedent's real property to collect the balance due on promissory notes executed in 2002 and 2008. These loans were secured by mortgages filed in the Pulaski County Clerk's office. Named defendants were the Hardgrove heirs; state and local governments; various lessees of portions of the real property; other interested parties with respect to unpaid real estate taxes; and Kathy Owens, another judgment creditor. Gregory was not named. In April 2014, Gregory filed a motion to file an intervening complaint in CVNB's foreclosure action on the property owned by Harold Hardgrove at the time of his death. The trial court granted the motion. In his complaint, Gregory raised the existence of his judgment against the Estate, and further alleged that the Estate's personal property was insufficient to satisfy his judgment. As a result, Gregory requested that the real property be sold to satisfy his judgment and claim against the Estate.

Gregory later filed a motion to amend his intervening complaint to include the Decedent, Brandon, as Administrator of the Estate, and

---

[4] The Decedent's personal property was valued at approximately $23,000.
[5] Pulaski Cir. Ct., Div. 2, 2013-CI-00246.

3

Hardgrove's heirs, Brandon and Casey.[6] The trial court granted the motion. Subsequently, however, the trial court dismissed Gregory's claim and denied his Motion to Alter, Amend, or Vacate, holding that since Gregory's claims were "inchoate" at the time of the Decedent's death and the real property passed to the heirs upon death subject only to liens then existing, Gregory's postmortem judgment and judgment lien against the Estate could not attach to the real property. As a result, the trial court held that the Decedent's real property, through intestacy, passed free and clear of Gregory's claim. The trial court made its Order final and appealable. CR[7] 54. Gregory appealed, and the Court of Appeals affirmed. We granted discretionary review. Before us, Gregory argues that he has a claim against the property which descended to the Decedent's heirs, and as to which KRS 395.510 and 395.515 provide him a remedy. We agree.

## II. Standard of Review.

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo." *Fox. v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010).

---

[6] Gregory properly sued the estate, all heirs and the personal representative of the estate as "the heirs . . . are liable for the obligations of their decedent . . . to the extent of the assets received and this liability continues after alienation of the property. The representative may be joined as a party defendant[.]" James R. Merritt, 2 Ky. Practice, *Prob. Practice & Proc.*, § 1548 (2nd ed. 1984).

[7] Kentucky Rules of Civil Procedure.

4

### III. Analysis.

Our starting point is KRS 411.140, which provides,

> **No right of action for personal injury** or for injury to real or personal property **shall cease or die with the person injuring** or injured, except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. **For any other injury an action may be brought or revived** by the personal representative, or **against the personal representative,** *heir* or devisee, **in the same manner as causes of action founded on contract.**

(emphasis added). We believe it significant that the legislature included a right of action not only against the personal representative, but also against a decedent's heirs. This statute modified the common law rule that claims founded on tort died with the person liable. James R. Merritt, 2 Ky. Practice, *Prob. Practice & Proc.*, § 1416 (2d ed. 1984). In this case, Gregory had filed his tort action prior to the Decedent's death and timely revived the action against the Administrator. Gregory then proceeded to obtain a judgment in that action and filed a judgment lien.

Our case law has long recognized that once a judgment is obtained, real property of one who dies intestate may be sold by order of the court in a settlement suit. *Heeter v. Jewell*, 69 Ky. 510, 511–13 (1869). "One of the basic requirements for [a settlement] suit is that there be not sufficient personal estate for payment of the debts." *Smith v. Louisville Trust Co.*, 237 S.W.2d 836, 837 (Ky. 1951). In the present case, that basic requirement was met as the personal property was insufficient to satisfy the judgment obtained by Gregory.

While KRS 391.010 codifies that the rights of heirs as to real property vest immediately upon an intestate decedent's death, this statute must be

5

considered in conjunction with not only the survival statute, KRS 411.140, and the estate settlement statutes, KRS 395.510 and 395.515, but also KRS Chapter 396, Claims against Decedents' Estates.

Before considering the impact of the estate settlement statutes, we must acknowledge KRS Chapter 396, governing Claims against Decedents' Estates, includes claims of the type made by Gregory. Specifically,

> **All claims against a decedent's estate which arose before the death of the decedent, . . . whether** due or to become due, absolute or contingent, **liquidated or unliquidated, founded on** contract, **tort,** or other legal basis, if not barred earlier by other statute of limitations, are barred **against the estate, the personal representative, and the heirs** and devisees **of the decedent,** unless presented within six (6) months after the appointment of the personal representative[.]

KRS 396.011(1) (emphasis added). In other words, a properly presented unliquidated tort claim which arose before the death of the decedent may be brought against the estate, the personal representative, and heirs. Again, the legislature has included a right of action against the decedent's heirs. In this case, Gregory's unliquidated tort claim was presented by virtue of the revival of the action. KRS 396.015(2). Then, when reduced to judgment against the personal representative, that claim became an allowed claim. KRS 396.055(2).

Finally, once a surviving claim has been properly revived and reduced to judgment, KRS 395.510 and 395.515 describe the manner in which real property owned by a decedent at the time of his death may be sold as part of an estate settlement. KRS 395.510 states:

> (1) A representative, legatee, distributee or **creditor of a deceased person may bring an action in circuit court for the settlement of his estate** provided that no such suit shall be

brought by any of the parties named except the personal representative until the expiration of six months after the qualification of such representative.

> (2) The representatives of the decedent, and **all persons having a lien upon or an interest in the property left by the decedent**, or any part thereof, and the creditors of the decedent, so far as known to the plaintiff, **must be parties to the action as plaintiffs or defendants.**

(emphasis added). Further, KRS 395.515 outlines the proper contents of a settlement petition, including the circumstance of when real estate may be sold:

> [I]f it appears that there is a genuine issue concerning the right of any **creditor**, beneficiary or heir-at-law to receive payment or distribution, or if it appears that there is a genuine issue as to what constitutes a correct and lawful settlement of the estate, or a correct and lawful distribution of the assets, such issues may be adjudicated by the court; and, **if it shall appear that the personal estate is insufficient for the payment of all debts, the court may order the real property descended** or devised **to the *heirs*** or devisees **who may be parties to the action, or so much thereof as shall be necessary, to be sold for the payment of the residue of such debts.**

(emphasis added). *See Auxier v. Clarke*, 26 Ky. L. Rptr. 890, 82 S.W. 605 (1904). Again, we note the inclusion of the term "heirs." For these statutes to have meaning, real property cannot pass free and clear to a decedent's heirs when the personalty of the estate is insufficient to cover the claims of creditors of the estate.

*Wood v. Wingfield*, 816 S.W.2d 899 (Ky. 1991), cited by the Hardgroves and relied upon by both the trial court and the Court of Appeals, does not compel the result reached by the lower courts. The only issues in *Wood* were the time periods in which an illegitimate child was required to make a claim to

7

her intestate father's real and personal property. If anything, *Wood* supports Gregory's argument that when the conditions of KRS 395.515 are met, real property which is held by an intestate's heirs may be sold, notwithstanding that it vested in the heirs as of the date of death. *See id.* at 902 n.3 (stating "[t]he personal representative has no inherent power to sell real property to pay debts, even when the personal estate is insufficient[.] The conditions of KRS 395.515 must be met before real property is sold[]") (citations omitted). No issue was addressed as to whether a tort judgment creditor was a proper party under KRS 395.510 and 395.515. Similarly, the Court of Appeals' reliance on *Ratterman v. Apperson*, 141 Ky. 821, 133 S.W. 1005 (1911), is inapplicable to resolution of the issues raised by Gregory. Suffice to note that *Ratterman* was decided long before the revisions to KRS Chapter 396 in 1988. 1988 Ky. Acts ch. 90, § 6, *et seq.*

The Hardgroves have argued, and the trial court and the Court of Appeals held, that Gregory, as a tort claimant whose claim was not brought to judgment until after Hardgrove's death, is not a creditor. This assertion is erroneous. While KRS 395.510 and 395.515 do not define the term "creditor," the Estate itself cites to the definitions section of the Uniform Commercial Code ("UCC"), KRS 355.1-201, which defines "creditor" to "include[] a general creditor[.]" A general creditor, also known as an unsecured creditor, may not have preferential rights to the property, but remains a creditor. *See Creditor*, Black's Law Dictionary (10th ed. 2014). Notably, Black's Law Dictionary also

8

defines a creditor as "[a] person or entity with a definite claim against another, esp. a claim that is capable of adjustment and liquidation." *Id.*

Once filed, a tort claim is capable of liquidation, and can be reduced to a judgment at any time. "In tort cases, the relationship of debtor and creditor arises the moment the cause of action accrues." 21 C.J.S. *Creditor and Debtor* § 1 (updated Sept. 2018). In the case at hand, Gregory's action arose when he was injured at the Speedway in 2008, and he filed the lawsuit in 2009, while Hardgrove was still alive. Accordingly, Gregory became a creditor of the Decedent when the tort occurred, albeit one with an unliquidated claim.[8] The fact that the claim was reduced to judgment and a judgment lien filed postmortem has no impact on Gregory's status as a creditor of the estate. Gregory's intervening complaint should not have been dismissed.

## IV. Conclusion.

In this case, we hold that Gregory's compliance with KRS 411.140, 396.011, 396.015, and 396.055, establishes his status as a creditor of the Estate of Harold Hardgrove and entitlement to a remedy under KRS 395.510, *et seq.* The Pulaski Circuit Court erred in dismissing his intervening complaint,

---

[8] Although an issue of first impression in the Commonwealth, several other courts have held that tort claimants are considered creditors. *See In re Placid Oil Co.*, 753 F.3d 151, 156 (5th Cir. 2014) (holding that a tort claimant who had not filed was an unknown creditor—but still a creditor); *Churchill v. Palmer*, 226 N.W.2d 60, 61–62 (Mich. App. 1974) ("One with a tort claim is a creditor from the date of the tort; any liabilities are considered as existing from the date the cause of action arose[]"); *Stein v. Brown*, 480 N.E.2d 1121, 1123 (Ohio 1985) ("An individual possessing a cause of action in tort is a 'creditor' . . . and has the right to question an alleged fraudulent conveyance[]"); *Martel v. Stafford*, 603 A.2d 345, 348 (Vt. 1991) ("The [Uniform Probate Code] equates the term 'creditor' with one who holds a claim against the estate, and the term 'claim' is specifically defined to include tort claims[]") (citing UPC § 1-201(4)).

9

as did the Court of Appeals in affirming that dismissal. For the foregoing reasons, we reverse and remand this matter to the Pulaski Circuit Court for further proceedings consistent herewith.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Thomas E. Carroll
Lance Wilson Turner
CARROLL & TURNER, PSC


COUNSEL FOR APPELLEE:

John F. Kelley, Jr.
WILLIAM & TOWE LAW GROUP, PLLC